**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Paul Hansen,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Viedols Muiznieks, in his individual capacity, in his official capacity, and as Responsible Authority for the City of Newport, Minnesota, and Curt Montgomery, in his individual capacity,<br><br>　　　　Defendants. | Case No. 10-CV-4777 (SRN/SER)<br><br><br>**MEMORANDUM OPINION AND ORDER** |

Rachel E. Bengston-Lang, Access Justice, 310 4th Avenue S., Suite 1006, Minneapolis, Minnesota 55415, for Plaintiff.

Joseph E. Flynn and Michael P. Goodwin, Jardine, Logan & O'Brien PLLP, 8519 Eagle Point Blvd., Suite 100, Lake Elmo, Minnesota 55042, for Defendants.

SUSAN RICHARD NELSON, United States District Judge

## I.　INTRODUCTION

This matter is before the Court on Defendants Viedols Muiznieks', Curt Montgomery's, and Brian Domeier's[1] Motion to Dismiss [Doc. No. 30] Plaintiff Paul

---

[1]　Mr. Domeier is not named in the official caption for this case and does not appear to have been served with process as no summons was issued in his name. However, Mr. Domeier is mentioned in the factual allegations of the First Amended Complaint, and he joined in the Answer to Plaintiff's First Amended Complaint and in the Motion to Dismiss. (See Joint Answer of Defs. Veidols Muiznieks, Curt Montgomery and Brian Domeier to Pl.'s First Am. Compl. at 1 [Doc. No. 14]; Goodwin Aff. ¶ 1 [Doc. No. 33].) Therefore, the Court's ruling will apply to Mr. Domeier, as well, and Mr. Muiznieks, Mr. Montgomery, and Mr. Domeier will be referred to collectively herein as "Defendants."

Hansen's First Amended Complaint[2] [Doc. No. 8] with prejudice. For the reasons set forth below, the Court denies Defendants' Motion.

## II. BACKGROUND

Plaintiff filed his initial Complaint in this matter on December 2, 2010 [Doc. No. 1]. After receiving multiple extensions from the Court [Doc. Nos. 7, 10–12], Plaintiff served the original Complaint and his First Amended Complaint. Defendants answered the First Amended Complaint on November 16, 2011 [Doc. No. 14].

On March 20, 2012, Defendants served written discovery requests on Plaintiff. (Goodwin Aff. ¶ 2 [Doc. No. 33].) On May 25, 2012, Defendants notified Plaintiff's counsel, Jill Clark, that discovery was overdue. (Id. ¶ 3 & Ex. B.) Defendants received no response and, thereafter, sent another letter requesting the discovery. (See id. ¶ 4 & Ex. C.) Defendants then received an email from "Temporary Manager" at Jill Clark, LLC, stating that Ms. Clark was on disability leave and was unable to respond to Defendants' discovery requests until she was off of leave. (See id. ¶ 5 & Ex. D.) On August 29, 2012, after receiving no responses to the discovery requests, Defendants filed a Motion to Compel [Doc. No. 21]. (Id. ¶ 6.) Plaintiff did not respond to the motion, and Plaintiff's counsel did not attend the hearing on September 21. The Magistrate Judge ordered Plaintiff to provide complete responses to Defendants' discovery requests within ten days [Doc. No. 29].

The matter currently before this Court is Defendants' subsequent Motion to Dismiss Plaintiff's First Amended Complaint for failure to prosecute, violation of the Federal Rules

---

[2]   Plaintiff's "First Amended Complaint" is his only amended complaint.

of Civil Procedure, and violation of the Order compelling discovery [Doc. No. 30]. Defendants filed this motion on October 8, 2012, after still not having received responses to their discovery requests.  (See Goodwin Aff. ¶ 10 [Doc. No. 33].)  The hearing was noticed for December 18, 2012 [Doc. No. 35], and Defendants filed a supporting brief [Doc. No. 32] and affidavit [Doc. No. 33].  By letter filed with the Court on October 31, 2012 [Doc. No. 36], Defendants requested that the Court cancel the hearing and grant the motion pursuant to Local Rule 7.1(g) because Plaintiff did not file a response to the motion.  On November 2, Plaintiff still had not filed a response, and the Court cancelled the hearing and took the motion under advisement on the papers [Doc. No. 37].

Shortly thereafter, Ms. Clark made two requests to the Court for accommodation, one on November 8, 2012 [Doc. No. 38], and one on December 10, 2012 [Doc. No. 39].  On January 17, 2013, Ms. Clark was suspended from practice in this District.  On January 30, Plaintiff himself requested a 60-day extension to obtain new counsel [Doc. No. 41], and the Court granted the request the following day [Doc. No. 42].  Plaintiff's new counsel, Rachel Bengston-Lang, noticed her appearance on March 29 [Doc. No. 44], and Plaintiff was ordered to file a response to Defendants' Motion to Dismiss by May 6 [Doc. No. 45]. Plaintiff, through his new counsel, filed a response on May 6 [Doc. No. 47], and Defendants replied on May 20 [Doc. No. 48].

### III.     DISCUSSION

Defendants seek dismissal with prejudice of Plaintiff's First Amended Complaint pursuant to Rules 37 and 41 of the Federal Rules of Civil Procedure, as well as an award of costs and disbursements.  Rules 37 and 41 provide courts with discretion to dismiss an

action with prejudice under certain circumstances. Rule 37(b)(2) allows for dismissal for failure to comply with a discovery order. Fed. R. Civ. P. 37(b)(2)(A)(v). Rule 41(b) allows for dismissal "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules] or a court order." Fed. R. Civ. P. 41(b). However, "[d]ismissal with prejudice is an extreme sanction." Lorin Corp. v. Goto & Co., 700 F.2d 1202, 1207 (8th Cir. 1983) (citations omitted). Under Rule 37(b)(2), dismissal with prejudice may be appropriate "only if there is (1) an order compelling discovery; (2) a willful violation of that order; and (3) prejudice to the other party." Keefer v. Provident Life & Accident Ins. Co., 238 F.3d 937, 940 (8th Cir. 2000) (citation omitted). And, under Rule 41(b), dismissal with prejudice may be appropriate "only in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay." Hunt v. City of Minneapolis, 203 F.3d 524, 527 (8th Cir. 2000) (citation omitted).

The Eighth Circuit Court of Appeals "follows the 'well-established principle that a party is responsible for the actions and conduct of his . . . counsel and that, under appropriate circumstances, dismissal or default may be entered against a party as a result of counsel's actions.'" Everyday Learning Corp. v. Larson, 242 F.3d 815, 817 (8th Cir. 2001) (citations omitted). However, the Eighth Circuit has found dismissal with prejudice to be an abuse of discretion where a failure to comply with court orders was not due to the plaintiff's willfulness or was attributable solely to the attorney's lack of diligence. For example, in Edgar v. Slaughter, the plaintiff failed to provide complete responses to the defendants' discovery requests and violated the district court's order to respond to the discovery requests. 548 F.2d 770, 771 (8th Cir. 1977). After obtaining one extension of the discovery

deadline, the defendants moved for a second extension or for dismissal of the plaintiff's claim based on the plaintiff's failure to comply with the court's order. Id. at 772. The court dismissed the plaintiff's complaint. Id. On appeal, the Eighth Circuit found that dismissal under Rule 37 was an abuse of discretion because the record did not demonstrate that the plaintiff had willfully failed to comply. Id. at 773.

Likewise, in Mann v. Lewis, the plaintiff's attorney "failed in all respects to comply with the [district court's] pretrial order" and failed to timely comply with the court's order to provide supplemental expert testimony. 108 F.3d 145, 147 (8th Cir. 1997). The defendants moved for dismissal with prejudice, and the district court granted the motion, finding that the plaintiff's violations of the court's orders had "prejudiced the defendants by inhibiting their ability to prepare for trial." Id. The plaintiff then moved for dismissal without prejudice, and the district court denied the motion. Id. On appeal, the Eighth Circuit, applying Rule 41(b), found that dismissal with prejudice was "disproportionate to [the plaintiff's] transgression" where "[the plaintiff] himself did not engage in any intentional or willfully disobedient conduct designed to delay the proceedings or frustrate the defendants' preparations for trial," but "[r]ather, the failure to comply was due solely to [his attorney's] lack of diligence." Id.

This Court similarly finds that, at this point, dismissal with prejudice is disproportionate to the transgressions that have occurred in these proceedings. First, while the Court certainly does not condone the conduct that has occurred in this case, the delay and lack of diligence appear to have been solely that of Plaintiff's former counsel and not the result of Plaintiff's own willful disobedience. In fact, since Ms. Clark was suspended

5

from practice, Plaintiff has been timely and responsive. He sought an extension of time from the Court for leave to obtain new counsel in a reasonably prompt manner, he obtained new counsel within the time allotted by the Court, and his newly-appointed counsel filed a response to Defendants' Motion to Dismiss within the Court's deadline.

Second, the conduct at issue in this case was not as active or egregious as the conduct in cases in which the extreme sanction of dismissal with prejudice was found to be warranted. See, e.g., Siems v. City of Minneapolis, 560 F.3d 824, 825–27 (8th Cir. 2009) (affirming order of dismissal with prejudice under Rule 41(b) where the plaintiff's attorney failed to meet with opposing counsel to prepare a joint Rule 26 report on time, failed to submit any pretrial documents per the court's orders, failed to respond to the court's communications, and failed to contact the court before dismissal was granted); Everyday Learning Corp., 242 F.3d at 816–18 (affirming order of default judgment and dismissal under Rule 37(b) where the attorney failed to provide initial disclosures under Rule 26(a), violated a discovery order, repeatedly refused to produce his client for a deposition, delayed production of records, evaded a subpoena, and issued subpoenas after the discovery deadline without providing notice to the opposing party); Rodgers v. Curators of the Univ. of Mo., 135 F.3d 1216, 1219–22 (8th Cir. 1998) (affirming order of dismissal with prejudice under Rule 41(b) where the plaintiff failed to timely comply with an order to produce documents, the plaintiff failed to appear at a court-ordered deposition, the plaintiff violated a court order prohibiting him from firing his fourth set of counsel, and the district court extended the discovery deadline five times and the trial date three times).

Finally, Defendants assert that they have been prejudiced by Plaintiff's delay because they have been unable to determine the factual merits of Plaintiff's claims and because they have been unable to engage in further discovery or to prepare for trial. (See Mem. in Supp. of Defs.' Mot. to Dismiss at 7 [Doc. No. 32].) The Court understands Defendants' frustration. However, there has been no indication that Plaintiff is refusing altogether to provide the requested discovery. Moreover, the asserted prejudice can be addressed by an amendment of the deadlines in this case. Therefore, the parties are ordered to contact the Magistrate Judge assigned to this case within ten days of the date of this Order to schedule a status conference for purposes of amending the scheduling order. Plaintiff is not, however, granted leave to amend the First Amended Complaint in this matter, as requested. (See Mem. of Law in Opp. to Defs.' Mot. to Dismiss at 9 [Doc. No. 47].)

Accordingly, the Court denies Defendants' Motion to Dismiss. In addition, the Court declines to award Defendants' their costs and disbursements. However, the Court warns Plaintiff and his counsel that if Plaintiff misses another deadline without the Court's prior permission, violates another Court Order, or violates any of the Federal Rules of Civil Procedure or the Local Rules of this District, his lawsuit may be dismissed with prejudice.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Defendants' Motion to Dismiss [Doc. No. 30] is **DENIED**; and

2. The parties shall contact the Magistrate Judge assigned to this case within ten days of the date of this Order to schedule a status conference.

Dated: August 21, 2013         s/Susan Richard Nelson
                               SUSAN RICHARD NELSON
                               United States District Judge